Opinion of the Court, by
Judge Mills.
THE only question made in this cause, is, does any appeal lie from the judgment of a justice of the peace, rendered pursuant to the 15th section of an act passed 4th February,' 1820, 1 Dig. S. L. 299, against a constable and his sureties for money collected and not accounted for. above the sum of five pounds, on notice and motion? The court below decided this question against the appeal and dismissed it without hearing, and to reverse that decision this writ of error is prosecuted.
[1] the judgment ota! justice a- ; ^con-m'oney col-looted & not ^atl1gr°v^’e amount exceeds five clrou
Q^ehe' — ■ Whereaca»£ oircuit court has original peiiat°5 f¡f brought br-|ore th<;aciou’l’!: tice, ought the court to tliT arriR'J
(1) Previous to the act increasing the jurisdiction of justices of the peace -from five pounds to fifty dollars, an appeal from a justice only lay to the county court, and for all sums below five pounds, judgment might be ren-tiered agajnst-a constable for money collected by a justice on notice and motion. But when the Legislature was about to grant jurisdiction of larger sums, they provided for an appeal to the circuit court in the following words: “ In all cases tried and determined before a single justice, where the matter in controversy shall be above five pounds, either party shall have a right to ap-pea! from the judgment of such justice to the circuit court of the county in which the judgment shall have been given.” 2 Dig. L. K. TOR The provisions ofthis section are extensive enough in their letter to embrace the present appeal, and the only way to avoid their force, is, by construing them to mean such cases only as the act itself gives up to the jurisdiction of justices ihe peace, and which did not belong to them before, and excluding such cases as may be confided to their jurisdiction by subsequent statutes. It is readily admitted, that tiie increase of jurisdiction given by the act, .was the cause ofthis provision; but it is not limited to cases provided for by the act, and is couched in general terms, as intended to embrace every case which had or might exist. Care is taken by a provisionary clause, not to embrace cases before provided for, while language is used sufficiently broad to comprehend all cases, above live pounds; and while eve"r the act remains in force, if must bring within its terms all subsequent eases which the Legislature might add. The jurisdiction by notice and motion against constables and their sureties, is giv-on by a subsoquent act; but when given, the new act and the act in question must be construed each to have effect, if practicable, as acts in pari materia, applying to the same subject matter, and when the acts are read to-gather,’but little doubt can remain th.at the appeal lies.
It might be a matter of question whether this appeal ought to have been dismissed, even if no appeal lays; because it would seem by another act, that the circuit court as well as the justice oflhe peace, has original ju-risdiclion of the matter, (1 Dig. L. K. 237,)-and that the remedy before a justice, is cumulative only. But without being undcTsto'od to express any positive opin *10 ion on this point, we are satisfied that the appeal lay, and that the court below erred in dismissing it.
Monroe, for plaintiffs; Crittenden, for defendants.
The judgment must, therefore, be reversed with costs, and the cause be remanded, with directions to the court below to proceed to the trial of the appeal.